UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES GOOCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01030-JRS-TAB ) |
| LISA BERGESON, DR MICHAEL PERSON, TINA COLLINS RN, DANA MILLER Physical Therapist, LYNETTE KING, JAMALEE EDWARDS, WEXFORD OF INDIANA, CORIZON, LLC, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY GRANTING DANA MILLER'S MOTION FOR SUMMARY JUDGMENT**

**I.  Background**

At all relevant times, plaintiff Charles Gooch was an Indiana prisoner incarcerated at the the Correctional Industrial Facility (CIF). Mr. Gooch filed this civil rights action on April 3, 2017. Dkt. No. 1. This action was consolidated with another action, 1:17-cv-2217-RLY-MPB, on March 12, 2018. Dkt. 41. His third amended complaint, tendered on May 7, 2018, dkt. 48, and filed on June 8, 2018, is the operative pleading. Dkt. 52. Dana Miller, physical therapist, is one of eight defendants. Mr. Gooch seeks compensatory and punitive damages and injunctive relief in the form of diagnostics and surgery.[1]

---

[1] Any claim for injunctive relief is now moot because Mr. Gooch is no longer confined at CIF. *Jaros v. Illinois Dept. of Corr.*, 684 F.3d 667, 670 n. 3. (7th Cir. 2012); *Koger v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008) ("once the threat of the act sought to be enjoined dissipates," the claim for injunctive relief must be dismissed as moot).

Defendant Miller has moved for summary judgment. Dkt. 89. Briefing was extended to allow the Court to recruit counsel to assist Mr. Gooch. Counsel was recruited on May 2, 2019, and August 15, 2019. Dkt. 137; dkt. 152. The Court greatly appreciates recruited counsel's assistance with this case. Mr. Gooch responded, dkt. 149, and Ms. Miller replied, dkt. 154. For the reasons explained in this Entry, Ms. Miller's motion for summary judgment, filed on February 13, 2019, must be **granted.**

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018). The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hospitals Corp.* 892 F.3d 887, 893 (7th Cir. 2018).

## III. Discussion

### A. Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light

reasonably most favorable to Mr. Gooch as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Dana Miller has been a physical therapist for over 25 years. Dkt. 91-1 at 1, ¶ 3. Ms. Miller has worked for RepuCare, a medical staffing company, since 2003. *Id.* at ¶ 4. RepuCare assigns Ms. Miller to provide physical therapy services at various facilities. *Id.* at ¶ 5. During Mr. Gooch's incarceration at CIF, RepuCare contracted with Corizon Health Care (Corizon) and Wexford of Indiana, LLC (Wexford). *Id.* at ¶¶ 4-6. Since 2007, CIF has been one of Ms. Miller's assigned facilities. *Id.* at ¶ 5. Ms. Miller has never been employed by Corizon or Wexford. *Id.* at ¶ 4.

In early 2015, Ms. Miller evaluated weakness Ms. Gooch had in his left leg and recommended he get an ankle-foot orthosis (AFO). Dkt. 91-2 at 14, 18 (Gooch Dep.) at 89:4-19, 109:8-9. An AFO is an L-shaped brace with a short end that slides under the foot to hold it up. Dkt. 91-2 at 3, 5 at 25:13-19, 41:2-16. Ms. Miller recommended an AFO for Mr. Gooch because he did not have good control of his left foot and knee. Dkt. 150-3, no. 2 at 4. An AFO is intended to assist with ambulation related to foot drop. Dkt. 150-4, no. 10 at 4. An AFO can raise the front of the foot and prevent the knee from hyperextending backward. Dkt. 150-3, no. 5 at 4.

Mr. Gooch received his first AFO, a plastic version, in 2015. Dkt. 91-2 at 14, 17 at 89:16-19, 108:2-13. After about six months, the plastic AFO wore out and became weak. Dkt. 91-2 at 17 at 108:1-13. Mr. Gooch complained about the plastic AFO to Dr. Person, a physician at the prison. Dkt. 91-2 at 18 at 109:8-21. Dr. Person ordered a custom-fitted AFO to replace the plastic one. *Id.* An orthotist molded Mr. Gooch's foot and made the custom AFO in mid-2015. Dkt. 91-2 at 18 at 109:2-5. The new AFO had hinges behind the ankle that prevented Mr. Gooch's left foot from dropping when he walked. Dkt. 91-2 at 8-9 at 60:18-61:19.

Mr. Gooch is dependent on his AFO to prevent his knee from extending backwards and to

prevent stress on his knee. Dkt. 150-1 at ¶ 22. When Mr. Gooch attempts to walk without his AFO, he strains to keep his balance and he has twisted his ankle and knee without his AFO. Dkt. 150-1 at ¶ 23.

On August 31, 2016, Mr. Gooch fell down some steps and injured his knee. Dkt. 150-1 at ¶ 5. This fall was not due to his AFO. Dkt. 91-2 at 10 at 65:8-9. He slipped on water on the steps. Dkt. 92-1 at 10 at 65:9-10; dkt. 150-1 at ¶ 5.

Following the fall, Mr. Gooch was approved to receive five physical therapy sessions in October and November 2016 to treat his knee pain. Dkt. 150-1 at 9; dkt. 150-1 at ¶ 9; dkt. 91-1 at 12. The therapy was requested by Dr. Person. Dkt. 91-1 at 7. Ms. Miller documented each session she had with Mr. Gooch in an electronic Provider Visit form. *Id.* Ms. Miller was the only physical therapist that Mr. Gooch saw for his knee injury. Dkt. 150-1 at ¶ 10.

During Ms. Miller's final session with Mr. Gooch, he raised concerns that his AFO was allowing his foot to drop. Dkt. 91-1 at 4, ¶ 24; dkt. 150-1 at ¶ 30. He wondered if pieces of the device needed to be replaced. Dkt. 91-1 at 4, ¶ 24. She documented his concerns in the Provider Visit form for the November 29, 2016, session, noting:

> He states he feels his left AFO is allowing his foot to "drop" a little and wonders if some rubber pieces at the ankle/foot articulation may need to be replaced. These were looked at by me and I agree that the orthotist/prosthetist from Hangar may be able to trouble shoot this more effectively. He has no further need for PT at this time. He was advised to continue the exercises and to see the doctor for further concerns and treatment options.

Dkt. 91-1 at 25. When Mr. Gooch asked about getting his AFO repaired, Ms. Miller recorded these concerns. *Id.* She advised him to see the doctor for additional concerns. *Id.* She told Mr. Gooch that an off-site orthotist should inspect his AFO. Dkt. 150-1 at ¶ 31.

Hangar, Inc. is the off-site company that provided orthotic and prosthetic services to inmates at CIF in late 2016. Dkt. 91-1 at 4, ¶ 26. The AFO Ms. Miller looked at was the one Hangar

custom made for Mr. Gooch in 2015. *Id.* For Mr. Gooch to be seen by an orthotist from Hangar, a doctor would have to make an Outpatient Request (OPR) to the Regional Medical Director. *Id.* at ¶ 9. As a physical therapist, Ms. Miller did not have the authority to issue OPRs. *Id.* at ¶ 10.

Ms. Miller was not asked to provide and did not provide any additional physical therapy to Mr. Gooch after November 28, 2016. Dkt. 91-1 at 4, ¶ 28. She had no further involvement in evaluating or treating his knee pain. *Id.* at ¶ 29.

### B. Analysis

Mr. Gooch brings his claim against Ms. Miller under 42 U.S.C. § 1983, which "provides a right of action for constitutional deprivations that occur "'under color of' state law.'" *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019) (quoting § 1983).

Ms. Miller argues that she is entitled to summary judgment because 1) she did not act under color of state law; 2) Mr. Gooch did not suffer from an objectively serious medical need at the time she treated him; 3) she was not deliberately indifferent to a serious medical need; and 4) none of her actions caused him any harm. Mr. Gooch opposes the motion, focusing on the second and third arguments.

"The Supreme Court has set forth various tests to use when deciding whether someone is a governmental actor, including the symbiotic relationship test, the state command and encouragement test, the joint participation doctrine, and the public function test." *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 738 (7th Cir. 2015) (internal quotation omitted). "But [a]t its most basic level, the state action doctrine requires that a court find such a close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself." *Id.* (internal quotations omitted).

Ms. Miller argues that because she worked for a private company that contracted with Corizon and Wexford to provide physical therapy to inmates, she should not be considered a state actor. She further argues that she only accepted a few physical therapy sessions with Mr. Gooch, which should not be sufficient to be deemed a state actor. Having read Mr. Gooch's deposition, however, it appears that Ms. Miller may have been present in the medical unit in the prison more often than a few times. *See* dkt. 91-2 at 13 at 87:21-25-88:1-16 ("I seen Ms. Miller periodically over in medical and stuff, you know. I've seen her several times after, after – what's the last date on physical therapy? November …"). Because the Court finds that even if Ms. Miller were determined to be a state actor, she did not violate Mr. Gooch's constitutional rights, the Court need not decide whether under these circumstances, Ms. Miller could be considered a state actor.

Assuming for purposes of this motion for summary judgment that Ms. Miller was a state actor, to prove that she was deliberately indifferent to a serious medical need under the Eighth Amendment, Mr. Gooch must "establish that he suffered from an objectively serious medical condition and that the defendant was deliberately indifferent to that condition." *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) (internal quotation omitted). To determine whether a defendant "acted with deliberate indifference, [the Court] look[s] into his or her subjective state of mind." *Id.* (internal quotation omitted). "An official is deliberately indifferent when he disregards a known condition that poses an excessive risk to inmate health or safety." *Id.* (internal quotation omitted). "Mere negligence or malpractice is insufficient." *Id.*

The parties define Mr. Gooch's medical condition differently at the time he saw Ms. Miller. If the focus is on Mr. Gooch's knee pain and associated foot drop, the parties may not dispute that he had a serious medical condition. Mr. Gooch is not alleging, however, that Ms. Miller was deliberately indifferent to his knee pain with respect to how she provided him physical therapy.

6

Rather, he argues that she should have done more to assist him with getting his AFO repaired. Ms. Miller argues that when she saw him in October and November of 2016, he had no serious medical condition related to his AFO. His fall in August 2016 was not caused by his AFO. For purposes of this motion for summary judgment, however, the Court will assume that Mr. Gooch had a serious medical condition.

Mr. Gooch bases this theory of liability on the fact that Ms. Miller allegedly gave him his first AFO after it was ordered back in 2015. Ms. Miller did recommend that he get an AFO in early 2015. The first AFO was plastic and wore out in about six months. Dr. Person then ordered a custom-fitted AFO to replace the plastic one. It was the custom-fit AFO that Mr. Gooch was wearing when he was receiving physical therapy.

Mr. Gooch told Ms. Miller during his last physical therapy session on November 29, 2016, that his AFO was allowing his left foot to drop a little. Ms. Miller documented in the medical notes that she believed that an orthotist or prosthetist might be able to evaluate the AFO more effectively. She noted that there was no further need for physical therapy at that time. She told Mr. Gooch to talk to his doctor about any further concerns. Moreover, Ms. Miller did not have the authority to make appointments with Hangar for inmates nor could she issue an OPR to request such a referral.

The Court cannot even find negligence on the part of Ms. Miller under these circumstances. Even if she had been negligent; however, that would not be enough to support a claim of deliberate indifference. *Wilson*, 901 F.3d at 820. Mr. Gooch raised his concerns during his last treatment session with Ms. Miller. She flagged the issue in the medical record. She was not an employee of the Indiana Department of Correction so her responsibility with regard to Mr. Gooch ended after she documented her treatment. There is no evidence that suggests otherwise.

While it is true that Mr. Gooch could not contact any off-site providers either, the question here is whether Ms. Miller violated his constitutional rights under these circumstances. Mr. Gooch has presented no evidence on which a reasonable jury could conclude that Ms. Miller acted with deliberate indifference to his knee injury or his AFO or that she otherwise caused him any injury. Accordingly, Ms. Miller is entitled to summary judgment on Mr. Gooch's claim against her.

### IV. Conclusion

For the reasons explained above, the motion for summary judgment filed by Ms. Miller, dkt. [89], is **granted.** Judgment consistent with this Entry and with the Entry ruling on the other defendants' motion for summary judgment shall now issue.

**IT IS SO ORDERED.**

Date: 9/27/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES GOOCH
31705068
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Alan S. Brown
FROST BROWN TODD LLC (Indianapolis)
abrown@fbtlaw.com

Amanda C. Couture
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
amanda.couture@ogletreedeakins.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Mary L. Graham
BLEEKE DILLON CRANDALL ATTORNEYS
mary@bleekedilloncrandall.com

Chelsea Steele Hyslop
FROST BROWN TODD LLC (Indianapolis)
chyslop@fbtlaw.com

Jan S. Michelsen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
jan.michelsen@odnss.com