UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES GOOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01030-JRS-TAB |
| | ) | |
| LISA BERGESON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING POST-JUDGMENT MOTION**

This action was dismissed on September 27, 2019, when the Court granted summary judgment in favor of the defendants. On October 25, 2019, the plaintiff moved to alter final judgment under Rule 59(e). Dkt. 159.

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chicago,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

1. **Corizon**

The plaintiff first argues that a reasonable jury could find that Corizon maintained an unconstitutional policy or custom that resulted in the violation of his Eighth Amendment rights. More specifically, the plaintiff contends that Corizon, due to cost concerns, insisted on continued physical therapy for his knee pain rather than approving Dr. Person's initial request for a referral to an outside specialist. This argument was considered by the Court on summary judgment and fails for two reasons. First, no evidence was presented showing that any custom or policy of cost concerns was the basis for the initial decision to deny the referral to the specialist. Rather, the denial was based on the Utilization Management's determination to try more physical therapy. In fact, when the specialist did see the plaintiff, he opined that he would recommend more physical therapy. Dkt. 157 at 10. Noting that the physical therapist had said that she had nothing else to offer, the specialist also recommended an MRI to see if there was a meniscus tear or other pathology. *Id.* The MRI revealed no tear or other significant abnormality. *Id.* at 12.

Second, the Court noted that Dr. Person's renewed request for the specialist two months later was approved. This contradicted any inference that the initial request was denied for a policy reason to avoid costs. *Id.* at 23.

The plaintiff adds a new post-judgment argument. He contends that Corizon was nearing the end of its contract (March 31, 2017) and so it wished to save money at that time. Not only was this not asserted on summary judgment, it is not supported by any evidence that the timing of the contract had anything to do with the initial denial of the specialist. In fact, the specialist was approved in February 2017, a time even closer to the completion of the Corizon contract.

In sum, the plaintiff has not shown that the Court committed any manifest error in granting summary judgment in favor of Corizon.

### 2. Dr. Person

The plaintiff next argues that the Court erred in granting summary judgment in favor of Dr. Person. The plaintiff argues that a reasonable jury could find that Dr. Person did not do enough to advocate to obtain the approval of the specialist. The plaintiff argues that Dr. Person knew that the proposed continuance of physical therapy had not worked and he therefore had a duty to not defer to Corizon's denial of his request to have the plaintiff see a specialist.

On summary judgment, the Court properly considered the overall history of Dr. Person's treatment of the plaintiff's knee pain. *See Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019); *Lockett v. Bonson,* 937 F.3d 1016, 1023 (7th Cir. 2019) ("we must examine the totality of an inmate's medical care") (internal quotation omitted).

> The record is undisputed that each time Mr. Gooch saw Dr. Person after the August 31, 2016, fall (which was not caused by any instability with the AFO), Dr. Person responded to his complaints of knee pain with prescriptions for pain medications, a knee brace, injections, a referral for physical therapy, two referrals for an orthopedic specialist (the first of which was denied), writing two orders relieving him of his work assignment, and requesting and obtaining approval for an MRI. Dr. Person exercised his medical judgment and ordered various types of treatment in an effort to reduce Mr. Gooch's pain. The orthopedic specialist agreed with Dr. Person in concluding that physical therapy was the appropriate treatment. In addition, the MRI revealed no significant abnormalities. This treatment was provided beginning on September 8, 2016, through May 2017, when Dr. Person left his employment at CIF. Under these circumstances, no reasonable jury could find that Dr. Person was deliberately indifferent to Mr. Gooch's complaints of knee pain.

Dkt. 157 at 19.

There is no legal basis on which to focus entirely on the two-month period of time between Dr. Person's requests for the specialist and thereby find deliberate indifference. Dr. Person responded with various treatments in an effort to alleviate the plaintiff's pain.

In addition, as explained above, the specialist did not disagree that physical therapy was the appropriate treatment, nor did an MRI reveal any other path toward treatment that had not been taken. The plaintiff has not shown any error in granting summary judgment in favor of Dr. Person.

For the above reasons, the plaintiff's Rule 59(e) motion to alter judgment, dkt. [159], is **denied.**[1]

**IT IS SO ORDERED.**

Date: 3/9/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES GOOCH
31705068
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Alan S. Brown
FROST BROWN TODD LLC (Indianapolis)
abrown@fbtlaw.com

Amanda C. Couture
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
amanda.couture@ogletreedeakins.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

---

[1] The Court again expresses its appreciation for recruited counsel's representation of the plaintiff in this action.

Mary L. Graham
BLEEKE DILLON CRANDALL ATTORNEYS
mary@bleekedilloncrandall.com

Chelsea Steele Hyslop
FROST BROWN TODD LLC (Indianapolis)
chyslop@fbtlaw.com

Jan S. Michelsen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
jan.michelsen@odnss.com